**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| Terry Kidder,     * | |
|                Plaintiff,     * | Case No. 3:22-cv-85 |
| v.     * | Judge |
| Accurate Background, Inc.     * | Magistrate Judge |
| c/o David C. Dickerson | **COMPLAINT** |
| 7515 Irvine Center Dr.     * | |
| Irvine, CA 92618, | **JURY DEMAND ENDORSED HEREON** |
|     * | |
|                Defendant.     * | |

Now comes Terry Kidder ("Plaintiff"), who proffers this Complaint for damages against Accurate Background, Inc. ("Defendant") as follows:

**I.    JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2. This Court has personal jurisdiction over Defendant because Defendant systematically and continuously engages in performing background checks for job applicants in this State, conducting business activities within this State, and engaging in contractual business relationships within this State.

3. Venue is proper in the Southern District of Ohio in accordance with 28 U.S.C. § 1391(b).

**II.    THE PARTIES**

4. Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a. Plaintiff is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein, Plaintiff was a job applicant of Defendant within the Southern District of Ohio.

5. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a and provides background and employment screening services. Defendant regularly conducts business in the Southern District of Ohio.

## III. STATEMENT OF FACTS

6. Defendant has reported derogatory and inaccurate statements and information relating to Plaintiff to third parties, including but not limited to that Plaintiff is registered on the National Sex Offender Registry (hereinafter the "inaccurate information").

7. Plaintiff is neither registered on the National Sex Offender Registry nor is a sex offender. Upon information and belief, the inaccurate information reported in the consumer reports relates to an individual by the name of Terry Lee Kidder who resides in Spokane, Washington ("Washington Kidder")[1].

8. Unlike Washington Kidder, Plaintiff resides in Englewood, Ohio and is not a registered sex offender.

9. Defendant confused Plaintiff with a similarly named person and has, as a result of its unreasonable and unsound procedures, misconstrued Plaintiff's background information as synonymous with that of a registered sex offender, namely, Washington Kidder.

10. Defendant knew or should have known that Plaintiff was not and could not have been the same person as Washington Kidder because, among other things, Washington Kidder's sex offender registration details state that he was convicted on July 22, 2004 in the state of Washington with a prison release date of November 10, 2020; and Defendant's own background

---

[1] *See Offender Search: Offender Details*, SPOKANE COUNTY SHERIFF'S OFFICE, https://www.icrimewatch.net/offenderdetails.php?OfndrID=10615141&AgencyID=54488&x=7301cf2f-9398-4ccf-a282-3af72e959e72 (last accessed Mar. 29, 2022).

check of Plaintiff states that Plaintiff's current Ohio driver's license was issued on February 20, 2019—a date when Washington Kidder was still in prison.

11. Defendant reported the inaccurate information through the issuance of a false and inaccurate background information and consumer report that it disseminated to various persons and prospective employers, both known and unknown, including Anderson Merchandisers, LLC ("Anderson").

12. Plaintiff applied for and has been denied employment opportunities, including but not limited to an employment opportunity with Anderson. Plaintiff has been informed that the basis for this denial was the inaccurate information that appeared on Plaintiff's consumer report from Defendant.

13. Plaintiff submitted a dispute to Defendant on January 20, 2022 relative to the inaccurate information in the consumer report reported by Defendant. Defendant confirmed receipt of the dispute by email on January 26, 2022. Defendant has not provided any further information to Plaintiff since the submission of such dispute.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity; harm to reputation; and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment as well as under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

17. All of the preceding paragraphs are realleged as if fully rewritten herein.

18. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b), (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. §1681n, Defendant is liable to the Plaintiff for willfully violating the FCRA, including but not limited to:

    A. willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information, and file in violation of 15 U.S.C. § 1681e(b);

    B. willfully failing to perform a reinvestigation in violation of 15 U.S.C. §1681i;

    C. willfully failing to address the disputed information in Plaintiff's consumer report within 30 days in violation of 15 U.S.C. §1681i(a)(1)(A);

    D. willfully failing to delete the inaccurate information in Plaintiff's consumer report in violation of 15 U.S.C. §1681i(a)(5);

    E. willfully failing to provide Plaintiff with written notice of the results of the reinvestigation relative to the inaccurate information in violation of 15 U.S.C. §1681i(a)(6); and

   F. willfully failing to employ strict procedures to ensure that public record information is complete and up to date in violation of 15 U.S.C § 1681(k).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above.

23. Plaintiff seeks actual and/or statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

24. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

## SECOND CAUSE OF ACTION:
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. In the alternative to a willful violation of the FCRA, Defendant negligently violated the FCRA as described more fully above.

27. Plaintiff seeks actual damages for this violation pursuant to 15 U.S.C. § 1681o(a)(1).

28. Plaintiff also seeks attorneys' fees and costs for this violation pursuant to 15 U.S.C. § 1681o(a)(2).

**V.** **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands actual damages; statutory damages; punitive damages; costs and reasonable attorneys' fees; an order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's consumer report and files and cease reporting the inaccurate information to any and all persons and entities to it reports consumer information; an order directing Defendant to send to all persons and entities to whom it has reported Plaintiff's

inaccurate information within the last three (3) years Plaintiff's updated and correct consumer report; and such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
          agedling@mcoffmanlegal.com
          khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman